IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. MARSHALL, JR., | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | 7: 09-CV-33 (HL) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The above-styled Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees (Doc. 16). On March 29, 2010, the district court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings (Doc. 14). On June 8, 2010, Plaintiff filed a Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act, and 42 U.S.C. § 406(b), a provision of the Social Security Act (Doc. 16). Plaintiff's attorney seeks an award of attorney's fees in the amount of $ 7,495.92, based on an hourly rate of $174.73 for 42.90 attorney work hours (*Id.*; Doc. 19). The Commissioner filed a Response objecting to the number of attorney hours requested, the hourly rate requested, and the total amount of fees requested (Doc. 18). Additionally, the Commissioner objects to the attorney's fees being paid directly to Plaintiff's counsel, and instead requests that the attorney's fees be paid directly to Plaintiff.

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in

any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Here, the Commissioner concedes that Plaintiff is the prevailing party; thus, the undersigned recommends the award of fees pursuant to the EAJA. The parties disagree as to the amount of the fees and the hourly rate at which Plaintiff's counsel should be compensated.

*A. Number of hours*

The Commissioner contends that the requested hours of attorney work are generally excessive and therefore unreasonable for this case (Doc. 18). In addition, the Commissioner believes that some of the time Plaintiff's counsel has asked for is redundant.

The district court is responsible for excluding any unnecessary work from the fee award. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-1302 (11th Cir. 1988). "A court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).

> Redundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.

*Norman*, 836 F.2d at 1301-1302. As this is an EAJA case, the Court must consider the reasonableness of time spent under the lodestar method. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 161 (1990).

The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours. *See Patterson v. Apfel*, 99 F.Supp.2d. 1212, 1214 n. 2 (C.D. Cal. 2000) (survey of social security disability cases suggests an average range of twenty to forty hours); *Grey v. Chater*, 1997 WL 12806, *1-2 (S.D.N.Y. Jan. 14, 1997) (citing cases supporting a "twenty to forty hour benchmark" for social security fee awards); *Hardy v. Callahan*, 1997 WL 470355, *9 & n. 10 (E.D. Tex. Aug. 11, 1997) (finding that the typical social security fee award under EAJA is between thirty and forty hours).[1] However, a determination of reasonable fees under the EAJA is dependent on the facts of each case, *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), and courts have awarded attorney's fees above the typical range. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (finding an award of 46.05 hours for attorney's services was reasonable); *Hill v. Commissioner, Social Security Admin.*, 2009 WL 18338332 (D. Or. June 24, 2009) (finding 56.25 hours to be reasonable for a record that was over 1000 pages long and contained complex issues); *Sorich v. Shalala*, 838 F.Supp. 1354, 1359 (D. Neb. 1993) (determining 41.25 hours was reasonable when the Commissioner requested a remand after the plaintiff filed a brief on the merits).

Herein, Plaintiff is requesting an award for attorney's fees for 42.90 attorney hours worked. Plaintiff states that his petition for a fee award is within a range of reasonable hours expended, citing cases that awarded attorney's fees ranging from 39.75 to 62 hours (Doc. 19). While Plaintiff is requesting a fee award that is slightly above the typical range, Plaintiff contends that the hours requested are reasonable because the record was longer than usual and did not contain an index. Further, Plaintiff submitted affidavits from his attorneys that throughly documented the hours spent

---

[1] *See also Cobbs v. Astrue*, 2011 WL 13652 (S.D. Tex. Jan. 4, 2011) (determining 39.9 hours was reasonable in a social security case); *Kornhauser v. Astrue*, 2010 WL 4830055, *2 (M.D. Fla. Nov. 4, 2010) (attorney's fees granted for 34 hours with an 800 page record with no index for the medical records); *Spruil v. Bowen*, 691 F.Supp. 302, 307 (M.D. Fla. 1988) (reducing fees to 37.7 hours for the hours reasonably expended on the plaintiff's behalf).

on the case (Docs. 16-3, 16-4). As there is sufficient documentation that describes the expended hours, the undersigned finds that 42.90 attorney work hours is generally reasonable for this particular case. While the number of hours requested in this case is generally reasonable, Plaintiff appears to be requesting attorney's fees for certain services that are redundant or unnecessary.

*1. Redundant hours*

The Commissioner states that Plaintiff's counsel is asking for duplicative fees regarding the drafting and filing of the district court brief. Plaintiff's counsel has asked for 3.5 hours for reviewing and filing a brief written by Michael Prigodich, an attorney experienced in social security law (*See* Doc. 16-3, Martin Affidavit). Prigodich spent 24.9 hours reviewing the file, and researching, writing, editing, and revising the district court brief (Doc. 16-4, Prigodich Affidavit). Then, Plaintiff's counsel spent another 3.5 hours making final revisions, preparing to file, and filing the brief (Doc. 16-3, Martin Affidavit).

The Commissioner concedes that Plaintiff's counsel should review a document prior to signing it; however, the Commissioner believes that 3.5 hours for review of the brief is unreasonable and requests the Court to reduce Plaintiff's petition by 1.5 hours. It is reasonable for one attorney to draft a document, while another attorney makes final revisions and files the document. These are services that would be reasonably billed to a paying client. However, in this case, the time sought for review is excessive. *See Jackson v. Astrue*, 2010 WL 2330269 (N.D. Fla. May 11, 2010) (finding average brief writing for a non-complex social security case to be twenty hours); *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000) (finding two hours of reviewing a brief drafted by another attorney to be appropriate); *Burleson v. Astrue*, 2009 WL 364115 (W.D. Wash. Feb 9, 2009) (deducting the time one attorney spent reviewing a brief written by co-counsel because "it is duplicative for one highly experienced attorney to charge additional

4

fees simply for reading the work of another highly experienced attorney"). Accordingly, the undersigned recommends that 1.5 hours be deducted from the time expended on June 19, 2009 for the final revisions and filing of the district court brief.

 *2. Clerical tasks*

The Commissioner also objects to Plaintiff's counsel requesting payment for 1.2 hours of non-legal tasks of checking, receiving, and reviewing various filed documents (Doc. 18). Plaintiff asserts that "it is the counsel-of-record who is responsible for satisfying the Plaintiff's obligations to the Court," and that these tasks cannot be considered clerical (Doc. 19). Plaintiff also states that his counsel did not bill for the time the support staff spent reviewing court notices.

An attorney should not bill at a professional hourly rate for clerical services deemed reasonably performed by members of a law firm's support staff. *Surge v. Massanari*, 155 F.Supp.2d 1301, 1305 (M.D. Ala. 2001). Clerical tasks are properly considered overhead, and are not compensable under the EAJA because the services do not require professional skill or expertise. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000). Clerical tasks include, but are not limited to the following: "preparing summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents." *Surge*, 155 F.Supp.2d at 1305 n. 7.

The affidavit submitted by Plaintiff's counsel, Charles Martin, lists several entries for which Plaintiff seeks reimbursement, but that the Commissioner deems to be clerical tasks (Docs. 16-3; 18). The undersigned finds the following time entries to be clerical tasks:

> a. Martin's claim of .1 hours on March 11, 2009 to "check for 'filed' complaint, summons . . . rec'd and rev'd FILED complaint, pauper motion, affidavit, and proposed order, and notice of referral to Magistrate Richard L. Hodge"
>
> b. Martin's claim of .1 hours on March 12, 2009 to "check for

summons, effect service . . . rec'd and rev'd notice . . . that summons were issued . . ."

c. Martin's claim of .1 hours on May 20, 2009 because he "rec'd and reviewed defendant's election to proceed before a magistrate judge"

d. Martin's claim of .1 hours on May 20, 2009 to "check for Answer/Transcript . . . Received notice of answer"

e. Martin's claim of .1 hours on May 22, 2009 because he "rec'd and reviewed notice from court that transcript was filed"

f. Martin's claim of .1 hours on July 15, 2009 because he "rec'd and reviewed defendant request for extension of time to file their brief"

g. Martin's claim of .1 hours on August 20, 2009 to "[c]heck for govt response brief / rec'd and rev'd defendant brief . . . supervise entry of deadline for response"

h. Martin's claim of .1 hours on March 2, 2010 to "[c]heck for R&R . . . rec'd and rev'd R&R"

i. Martin's claim of .1 hours on March 30, 2010 to "ck [sic] for court action on R&R to remand . . . rec'd and rev'd Order on R&R . . . supervise entry of deadline for further action"

j. Martin's claim of .1 hours on March 30, 2010 because he "rec'd and rev'd judgment reversing the commissioner's decision . . . supervise entry of deadline for fees" (Doc. 16-3).

*See Surge*, 155 F.Supp.2d at 1305-1306. As the above stated hourly requests are clerical tasks, the undersigned recommends that 1.0 hours be reduced from Plaintiff's requested number of attorney work hours. Thus, it is the recommendation of the undersigned that Plaintiff be awarded fees for 40.4 hours (42.9 minus 2.5 hours) of his attorney's work.

*B. Hourly rate*

The Commissioner also objects to Plaintiff's request for the 2010 Consumer Price Index ("CPI") rate for work that was performed in 2009, and requests the Court apply the historical rate of $172.24 for the hours billed in 2009 (Doc. 18). Plaintiff contends that the cost of living adjustments

to the EAJA cap should be made at the conclusion of the case rather than when the hours were billed (*See* Doc. 19).

Reimbursement of expenses shall be awarded using the current rates, rather than the historic rates, only when there is an exceptional delay that warrants an enhancement. *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010); *see also Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011) (finding that there was no exceptional delay in a social security case so the attorney's fees were awarded based on the historic rate for the year the services were performed). Herein, Plaintiff's attorneys completed 37.3 (39.5 hours minus 1.5 hours for excessive reviewing and .7 hours for clerical tasks) billable hours in 2009 and 1.1 (1.4 hours minus .3 hours for clerical tasks) billable hours in 2010. Plaintiff further requests $349.46 for 2 hours in 2010 at $174.73 for preparing the reply to the Commissioner's objections to Plaintiff's request for attorney's fees (Doc. 19), and the Commissioner has not filed an objection. As there is no evidence of an exceptional delay that would result in an enhancement of attorney's fees, the historic rates should be applied to the hours billed in 2009. Thus, the undersigned recommends an award of $6,966.21, detailed in the following chart:

| Year | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| 2009 | 37.3 | $172.24 | $ 6,424.55 |
| 2010 | 3.1 | $174.73 | $ 541.66 |
| **Total** | | | **$ 6,966.21** |

*C. Assignment of EAJA fees*

Plaintiff has requested that the award of attorney's fees be paid by direct deposit into Plaintiff's counsel's bank account (Doc. 16-1). The Commissioner objects to the request that the fee be paid directly to Plaintiff's counsel, and asks that the fee be paid to Plaintiff (Doc. 18).

The EAJA statutory language "'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." *Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008). The attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by a litigant. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt. *Id.* at 2529. The Commissioner asserts that a determination regarding whether Plaintiff has an outstanding debt will be made after the court awards EAJA fees (Doc. 18).

Further, the Commissioner states that Plaintiff has executed a document which assigns the right of the attorney's fees to his attorney; however, the assignment is invalid ( *Id.*). Under the Anti-Assignment Act, an assignment is valid "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Thus, any document assigning rights to Plaintiff's counsel is invalid because no claim has been allowed and no amount has been decided. Additionally, the Commissioner has not agreed to waive the requirements of the Anti-Assignment Act (Doc. 18). As the attorney's fees are to be paid to the prevailing party and there is no valid assignment, the undersigned recommends that any award of attorney's fees under the EAJA be paid directly to the Plaintiff.

*D. Social Security Act fees*

Plaintiff also requests that he be given thirty (30) days after the date of the Social Security closeout letter to file a motion for attorney's fees under 42 U.S.C. § 406(b). Under §406(b), a plaintiff can recover maximum attorney's fees in the amount of twenty-five percent (25%) of Plaintiff's past-due benefits. 42 U.S.C. § 406(b). Fees may be awarded under both the Social Security Act and the EAJA, but the plaintiff's attorney must refund the smaller fee award to the

plaintiff.  *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010).  As it is necessary for the court to know the amount of past-due benefits, it is the recommendation of the undersigned that Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under § 406(b).  *See* U.S. Md. Ga. Standing Order 2009-01.

### Conclusion

The undersigned RECOMMENDS that Plaintiff's Motion for Attorney's Fees be **GRANTED IN PART as follows**: Plaintiff be awarded fees for 40.4 hours of his attorney's work in the amount of $ 6,966.21 to be paid directly to Plaintiff, not Plaintiff's counsel.  The undersigned further RECOMMENDS that Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under 42 U.S.C. § 406(b).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 10th day of May, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf